[Docket No. 33–34]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| HUNTER BROTHERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DELMONTE FARMS LLC, DANIEL DEL MONTE, <br><br> Defendants. | Civ. No. 12-6197 (RMB-AMD) <br><br> **OPINION** |

**RENÉE MARIE BUMB, Chief United States District Judge**

    **THIS MATTER** comes before the Court on Defendant Daniel Del Monte's Motion to Reopen the Case, [Docket No. 33], Motion to Cancel Record of Judgment pursuant to N.J.S.A. 2A:16-49.1, [Docket No. 34], (together, "**Motions**"), and the Court's Order to Show Cause requiring Del Monte to submit evidence of his satisfaction of a settlement agreement in a bankruptcy court adversary proceeding, [Docket No. 36.] Del Monte argues that a $9,540 judgment entered against him in 2014 by this Court, [*see* Docket No. 32], in favor of Plaintiff Hunter Brothers, Inc. should be canceled under N.J.S.A. 2A:16-49.11 because Del Monte received a discharge of his debts from the United States Bankruptcy Court for the District of New Jersey over nine years ago. [Docket No. 34-2 at 4–5.]

I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Hunter Brothers filed this suit nearly twelve years ago under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq.*, to recover damages for an alleged failure by Del Monte and his company, Delmonte Farms LLC (together, "**Defendants**") to pay Hunter Brothers for the purchase of perishable agricultural commodities. [*See* Docket No. 1 at 1–3.] The parties reached a settlement and proposed an order of monetary judgment in the amount of $9,540.00 for the Court to enter in favor of Hunter Brothers and against Defendants. [Docket No. 31.] The Court entered that order of judgment on January 15, 2014 and closed the case. [Docket No. 32 (the "**2014 Judgment**").]

Del Monte filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey. *See In re Del Monte*, No. 14-34354-ABA (Bankr. D.N.J. filed Dec. 1, 2024) ("**Bankr. Docket**"); *see also* Docket No. 34-1 Certification of Daniel Del Monte in Support of Motion to Cancel Record of Judgment and Discharge ("**Del Monte Cert**.") ¶ 3.] Del Monte received a discharge from the Bankruptcy Court on March 20, 2015 which he argues discharged his obligation to pay Hunter Brothers pursuant to the 2014 Judgment. [*See* Del Monte Cert. ¶¶ 4–6; Bankr. Docket No. 21 (order of the Bankruptcy Court discharging Del Monte of his debts).]

Del Monte, however, failed to inform the Court that Hunter Brothers initiated an adversary proceeding against him requesting that the Bankruptcy Court declare Del

Monte's debt to Hunter Brothers to be *nondischargable. See Hunter Brothers, Inc. v. Del Monte*, No. 15-01296-ABA, Docket No. 1 (Bankr. D.N.J. filed Mar. 17, 2015) ("**Ad. Pro. Docket**"). Del Monte and Hunter Brothers settled the adversary proceeding ("**Adversary Proceeding Settlement**") with the Bankruptcy Court entering a settlement order requiring Del Monte to pay $4,000 to Hunter Brothers instead of $9,540. [Ad. Pro. Docket No. 7 ¶ 4.] The Adversary Proceeding Settlement further provided that if payment was not made when due, Del Monte agreed to permit a nondischargable consent judgment to be entered against him in favor of Hunter Brothers in the original amount of the 2014 Judgment (*i.e.*, $9,540). [*Id.* ¶ 3.] If Del Monte paid on time, Hunter Brothers was directed to execute a satisfaction of release and agreed to not oppose Del Monte seeking to avoid any and all liens on property in favor of Hunter Brothers after one year following the entry of an order of discharge in Del Monte's underlying bankruptcy proceeding. [*Id.* ¶ 4.]

Although Hunter Brothers did not oppose the instant relief Del Monte now seeks and appears to have received notice of the Motions through its registered agent and its counsel, [*see* Docket No. 35], it was still unclear whether Del Monte ever satisfied the Adversary Proceeding Settlement. Hunter Brothers never sought entry of a nondischargable consent judgment against Del Monte nor did it execute a satisfaction of release. Given the uncertainty, the Court issued an Order to Show Cause requiring Del Monte to submit evidence of his satisfaction of the Adversary Proceeding Settlement.

3

In response to the Court's show cause order, Del Monte submitted a certification averring that he satisfied the terms of the Adversary Proceeding Settlement in 2015, paying Hunter Brothers in accordance with the settlement's terms. [Docket No. 37 ("**Supp**. **Del. Monte Certif**.") ¶ 2.] Since then, Del Monte avers that he has heard nothing from Hunter Brothers. [*Id.* ¶ 4.] Believing the matter settled, Del Monte never sought a satisfaction and release from Hunter Brothers, nor did Hunter Brothers provide one to the Bankruptcy Court on its own. [*Id.* ¶ 5.] Other than Del Monte's own certification, he is without evidence that proves that he satisfied the Adversary Proceeding Settlement. [*Id.* ¶ 7.]

## II. ANALYSIS

N.J.S.A. 2A:16–49.1 provides, in relevant part:

> At any time after 1 year has elapsed, since a bankrupt was discharged from his debts, pursuant to the acts of Congress relating to bankruptcy, he may apply, upon proof of his discharge, to the court in which a judgment was rendered against him, or to the court of which it has become a judgment by docketing it, or filing a transcript thereof, for an order directing the judgment to be canceled and discharged of record.[1]

Courts in this District have regularly applied the statute to cancel judgments discharged in bankruptcy. *See Quality King Fragrance Inc. v. Barbanel*, 2017 WL

---

[1] The statute contains an exception not appearing to be relevant here—"[w]here the judgment was a lien on real property owned by the bankrupt prior to the time he was adjudged a bankrupt, and not subject to be discharged or released under the provisions of the Bankruptcy Act, the lien thereof upon said real estate shall not be affected by said order and may be enforced." N.J.S.A. 2A:16–49.1. Del Monte has certified that Hunter Brothers never levied upon any real estate to satisfy the judgement lien arising from the District Court Judgment. *See Midlantic Nat. Bank v. Vessel Canadian Star*, 2009 WL 936773, at *1 (D.N.J. Apr. 6, 2009) (canceling and discharging default judgment).

4

3259809, at *1 (D.N.J. Feb. 7, 2017), *R&R adopted*, 2017 WL 3259794 (D.N.J. July 31, 2017) (discharging default judgment under N.J.S.A. 2A:16–49.1) (Wettre, J.); *See Midlantic Nat. Bank*, 2009 WL 936773, at *2 (same) (Brown, J.); *Summit Bank v. Vessel Harbor Light'*, 260 B.R. 694, 695 (D.N.J. 2001) (same) (Simandle, J.). "New Jersey caselaw establishes that the purpose of section 2A:16-49.1 is to assure that judgments 'intended to be discharged under federal bankruptcy law will not continue to cloud the marketability of title to property owned by the debtor.'" *Quality King Fragrance Inc.*, 2017 WL 3259809, at *1 (quoting *Chemical Bank v. James*, 354 N.J. Super. 1, 8 (App. Div. 2002)). "Consequently, the determinative question on a motion to discharge a judgment under this statute is 'whether or not the lien was subject to be discharged or released under the provisions of the Bankruptcy Code.'" *Quality King Fragrance Inc.*, 2017 WL 3259809, at *1 (quoting *Chemical Bank*, 354 N.J. Super. at 9 (internal quotation marks omitted)).

There does not appear to be any question that Del Monte received a general discharge of his debts from the Bankruptcy Court over nine years ago. [Bankr. Docket No. 21.] The only question is whether Del Monte's satisfied the Adversary Proceeding Settlement such that his debt to Hunter Brothers can be fairly characterized as discharged. Del Monte admits that he does not have any evidence that he paid Hunter Brothers the necessary $4,000 to satisfy the Adversary Proceeding Settlement. [Supp. Del Monte Certif. ¶ 7.] But Del Monte adequately served Hunter Brothers with the instant motions through its registered agent and

counsel. [Docket No. 35 (certificate of service); Docket No. 37-1 (executed service return receipts).][2] Hunter Brothers could have appeared to oppose the relief Del Monte seeks but it did not. Moreover, if Del Monte did not pay according to the terms of the Adversary Proceeding Settlement, Hunter Brothers was entitled to seek entry of a nondischargable consent judgment against Del Monte in the amount of the original 2014 Judgment. [Ad. Pro. Docket No. 7 ¶ 4.] Hunter Brothers sought no such judgment against Del Monte suggesting that he made the payments as directed and as averred in his certification. In any case, courts in this District have canceled and discharged judgments pursuant to N.J.S.A. 2A:16–49.1 upon only certification that the conditions of the statute have been met combined with the nonopposition of the judgment creditor and a bankruptcy court discharge. *See Gen. Elec. Cap. Corp. v. Oncology Assocs. of Ocean Cnty., LLC*, 2023 WL 7709084, at *1 (D.N.J. Nov. 14, 2023); *Midlantic Nat. Bank*, 2009 WL 936773, at *2 ("As nearly sixteen years have passed since the U.S. Bankruptcy Court discharged [Defendants'] dischargeable debts, and neither [the] judgment lienholder [] nor its successors-in-interest have levied upon [Defendants'] property to satisfy the default judgment, this Court concludes that cancellation of the default judgment entered against [Defendants] on March 16, 1992, pursuant to N.J.S.A. 2A:16–49.1 is appropriate."). Those elements are met here. Del Monte received a discharge from the Bankruptcy Court and has certified credible

---

[2] Counsel for Hunter Brothers should have also received electronic notice of the Motions by way of the Court's Electronic Case Files system.

6


evidence without opposition that he satisfied the Adversary Proceeding Settlement, extinguishing his debt to Hunter Brothers. That is enough.

## III. CONCLUSION

For the reasons expressed herein, the Court **GRANTS** Del Monte's Motions. An accompanying Order shall issue.

**Dated**: April 25, 2024                                    **s/Renée Marie Bumb**
                                                             Renée Marie Bumb
                                                             Chief United States District Judge